## ASHBROOK, Gdn., v. STATE.

No. 11995—Opinion Filed Oct 9, 1923.

1. **Intoxicating Liquors—Seized Property—County Court Jurisdiction.**

The county courts have jurisdiction to hear and determine controversies concerning property seized by an officer under section 7014, Comp. Stats. 1921.

2. **Searches and Seizures—Unlawfulness—Absolute Protection.**

The absolute security against unlawful search and seizure exists, without reference to the guilt or innocence of the person whose property or premises are searched.

3. **Same—Intoxicating Liquors—Arrest and Seizure Without Warrant.**

In order to make an arrest and a seizure of property without a warrant or complaint under section 7014, Comp. Stat. 1921, it must appear that there was a violation of the prohibitory laws committed in the presence of the arresting officer.

4. **Same—Failure to Show Violation in Presence of Officer.**

Record examined, and held, that the evidence in the case at bar fails to show that the prohibitory laws were violated in the presence of an officer.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Payne County: Wilberforce Jones, Judge.

Proceeding by the State of Oklahoma to determine the right of property in an automobile seized by a deputy sheriff for an alleged violation of the prohibitory laws. From a judgment in favor of the State, C. E. Ashbrook, guardian of one William McKinley, owner of the automobile, appeals. Reversed and remanded, with directions to return the proceeds of the sale of the said automobile to the said guardian.

Johnson & Johnson, for plaintiff in error.

C. C. Suman, Co. Atty., for defendant in error.

Opinion by PINKHAM, C. This is an appeal from a judgment of the county court of Payne county, to the effect that a certain automobile be confiscated to the state of Oklahoma.

The plaintiff in error, as guardian of one William McKinley, the owner of the automobile in question, prosecutes this appeal.

The following are the material facts briefly stated: On the 2nd day of August, 1920, William McKinley, John McKinley, and Alex Tallchief, all of Fairfax, Osage county, were attending an anniversary celebration and roping contest at Yale, Payne county, Okla., and at about four o'clock in the afternoon got in the Buick automobile involved in this case and drove away from the picnic grounds. The sheriff of Payne county and his deputy sheriff were attending the celebration for the purpose of arresting persons engaged in violating the prohibitory laws. Becoming suspicious that the McKinleys and Tallchief were leaving the grounds to get intoxicating liquor, the officers followed them quite a distance and after driving around in front of them, commanded them to stop, which they did, whereupon the officers placed the occupants of the car under arrest and searched the car, in which they found a broken bottle on the floor of the automobile with a small quantity of whisky in it.

The automobile was seized by the officers and taken before the county court of Payne county, and on the 9th day of August, 1920, the county attorney filed in the county court of Payne county the return of the service by the deputy sheriff, which stated, in substance, that on the second day of August, 1920, in Payne county, Okla., as a peace officer, he seized on view and without a warrant one Buick automobile (fully described), said automobile then and there being used by William McKinley, John McKinley, and Alex Tallchief, to then and there carry and convey one quart of whisky, from a place in said county to another place in said county * * *.

Thereafter, on the 23rd day of August, 1920, the plaintiff in error, C. E. Ashbrook, legal guardian of William McKinley, an incompetent, filed in said court his petition in intervention, in which he denied generally and specifically the allegations of said return of service that said automobile was being used to carry and convey spirituous liquor as herein alleged, and denied that the same is subject to forfeiture; and pray-

ed that the said automobile be ordered released and delivered to him as the guardian of the said William McKinley.

On the 23rd day of August, 1920, the said guardian made legal tender of all costs and expenses incurred by the state in the matter of the seizure of said automobile and made demand for the delivery of the same. On the same day a trial of the issues joined by the pleadings was ordered by the court. At the conclusion of the trial the intervener demurred to the evidence which was by the court overruled and exceptions saved.

Whereupon the court rendered judgment that said automobile be confiscated to the state. Motion for new trial was filed, overruled, and exceptions saved.

The intervener gave notice in open court of his intention to appeal to the Supreme Court.

The assignments of error are: Error of the court in refusing to sustain the motion of plaintiff in error for a new trial; that the judgment is not sustained by the evidence and is contrary to law; that the judgment deprives the intervener and his ward of his property without due process of law.

The first proposition submitted and discussed by the plaintiff in error is to the effect that the value of said automobile as shown by the verified petition of the intervener, which is not contradicted by the pleadings or the evidence, was much in excess of the jurisdiction of the county court. It is sufficient to say that by the provisions of article 2, chapter 52, Comp. Stat. 1921, jurisdiction is conferred upon any judge or any court of record to enforce the prohibitory laws of the state, and in a proceeding before the county court under the provisions of said chapter 52, the county court has jurisdiction regardless of the value of the property involved.

In the case of Glacken v. Andrew, 69 Okla. 61, 169 Pac. 1096, it is said:

"Rev. Laws 1910, sections 3612, 3623, 3617 (sections 7009, 7010, 7014, Compiled Laws, 1921), confer on the county courts of this state power and authority to hear and determine this class of cases. * * *"

The second ground upon which the plaintiff in error urges a reversal of the judgment of the trial court is that no arrest for violation of the prohibitory laws was made upon view as shown by the return of the deputy sheriff, and that the conduct of the said arresting officers constituted an unreasonable search and seizure of the property of William McKinley, the owner of the automobile, in violation of his constitutional rights.

A careful examination of the record clearly discloses that one of those officers had seen all the parties about the picnic grounds for about an hour before they drove away, and the other officer, the deputy sheriff, had observed them there all day, and that they did not even have a suspicion that they would attempt to violate any of the liquor laws until they saw them get in the automobile and drive away from the picnic grounds.

The two officers were the only witnesses on behalf of the state, and from their testimony it clearly appears that they suspected that by following the parties they would be able to get evidence of a violation of the liquor laws. Their testimony was that the McKinleys and Tallchief were driving slowly and that no violation of law occurred in their presence.

The record discloses that the officers seized the automobile on a mere suspicion. They searched it after the seizure and found a small amount of whisky in a broken bottle: but seizing an automobile under such circumstances is not sufficient to support a judgment of forfeiture of the automobile. No complaint had been made that any of the occupants of the automobile had committed any public offense, and the officers were armed with no warrant for arrest of the parties, or with a search and seizure warrant, and as before stated, it is plain that no violation of the prohibitory laws was committed in their presence.

In these circumstances there is no provision of law which makes the officer's return prima facie evidence of the contraband character of the property seized. Stanley v. State, 82 Okla. 295, 200 Pac. 229.

All unlawful searches and seizures are unreasonable within the meaning of the constitutional provision forbidding unreasonable searches and seizures.

Article 2, section 30, of the Bill of Rights of the Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure, shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

And the absolute security against unlawful search or seizure exists, without reference to the guilt or innocence of the person whose property or premises are searched.

"The mere fact that he is guilty, or that there may be reasonable grounds to believe that he is guilty of the charge preferred against him by the officer of which he is suspected, will afford no excuse or justification for an unlawful search or seizure." (Boyd v. United States, 116 U. S. 616, 29 L. Ed. 746.)

In the case of Stanley et al. v. State, 82 Okla. 295, 200 Pac. 229, it is said:

"That part of sec. 10, chapter 70, Session Laws 1911, which provides that 'upon such hearing the sworn complaint or affidavit upon which the search warrant was issued shall constitute prima facie evidence of the contraband character of the property and things seized,' has no application to a hearing to determine the right of property where the arrest and seizure were made without a warrant or complaint pursuant to section 3617 Rev. Laws 1910."

And it is further held in that case:

"In order to make an arrest and a seizure of property without a warrant or complaint under section 3717, Rev. Laws 1910 (sec. 7014, Compiled Laws 1921), it must appear that there was a violation of the prohibitory laws committed in the presence of the arresting officer."

The defendant in error has filed no brief in this court in answer to the brief of plaintiff in error, or in support of the judgment of the trial court. The brief of plaintiff in error reasonably sustains some of his assignments of error. It has been held by many decisions of this court that in such a situation this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but when the brief filed on behalf of the plaintiff in error reasonably supports his assignments of error, this court will reverse the judgment in accordance with the prayer of the petition in error. Dixon et al. v. Duncan, 84 Okla. 58, and cases cited.

It appears that by stipulation of the attorneys for the state and the intervener, after the rendition of the judgment of forfeiture in this case, it was agreed that the said automobile should be advertised and sold by the sheriff of Payne county, Okla., and the proceeds held in lieu of said automobile pending the appeal herein, and on the sale of said automobile at public auction the same was sold for the sum of $1.400, and that said sum of $1,400 in money will be disposed of under the decision of this court in this case.

For the reasons stated the judgment of the lower court should be reversed and the cause remanded with directions to the county court of Payne county, Okla., to order the seizing officers to return to the plaintiff in error the proceeds of the sale of said automobile.

By the Court: It is so ordered.