## CHARLES KEITH v. STATE.

No. A-4358.    Opinion Filed April 25, 1925.
(235 Pac. 631.)

(Syllabus.)

1.  **Evidence—Searches and Seizures—Constitutional Guaranties Against Unreasonable Search and Seizure, and Against Self-Incrimination.**  Constitutional provisions against unreasonable searches and seizures, and against compelling one to be a witness against himself, secure the individual in his person, his home, and his property from invasion through unbridled and unrestrained executive or administrative will.

2.  **Same—Arrest—Search of Person Without Warrant Except of One Legally Arrested for Property Connected with Offense, or Weapons, is Unconstitutional.**  It is unlawful under section 30, art. 2, of the Constitution of this state, forbidding unreasonable searches and seizures for an officer, without a warrant authorizing it, to search a person, except that one legally arrested may be searched for property connected with the offense that may be used as evidence against him, or for weapons or things that may assist escape or acts of violence.

3.  **Searches and Seizures—"Unreasonable Searches and Seizures."**  All unlawful searches and seizures are unreasonable within the meaning of the constitutional provision forbidding unreasonable searches and seizures.

4.  **Arrest—Arrest Without Warrant—Misdemeanors.**  Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence.

5.  **Same—Offense not Committed in "Presence" of Officer if Act Unknown to Him.**  Where the officer does not know of the act constituting the offense, it is not committed in his "presence."

6.  **Arrest—Intoxicating Liquors—Person not to Be Searched on Suspicion of Having Liquor Without Warrant, Unless in Custody Under Lawful Arrest.**  No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law.

7.  **Searches and Seizures—Taking Liquor from Person Forcibly**

**Without Search Warrant or Warrant for Arrest an Unlawful and Unreasonable Search and Seizure.** Where a bottle, later found to contain intoxicating liquor, was taken from the person of defendant forcibly and against his will, and without a search warrant for his person, or a warrant for his arrest, this constituted an unlawful and therefore an unreasonable search and seizure under section 30, art. 2, of the state Constitution.

8.    **Evidence—Neither Liquor nor Evidence of Possession Obtained by Unlawful Search of Person Without Warrant for Arrest Admissible as Evidence of Unlawful Transportation.** In a prosecution for unlawfully transporting intoxicating liquor, defendant cannot be convicted upon evidence obtained by an unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, or the evidence of the possession thereof so acquired is admissible against him.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Charles Keith was convicted of the unlawful transportation of intoxicating liquor, and he appeals. Reversed and remanded, with directions.

Babcock & Trevathan and J. N. Roberson, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J.  Appellant, Charles Keith, was convicted under an information charging that he unlawfully transported and conveyed intoxicating liquor from some point within Canadian county unknown to the lobby of the Southern Hotel, in the city of El Reno, and his punishment fixed at confinement in the county jail for 30 days and a fine of $100. To reverse the judgment rendered on the verdict, he appeals and alleges that the trial court erred in overruling his motions to suppress and to exclude from the consideration of the jury certain evidence obtained by an unlawful search of his person.

The undisputed facts are that about 10 o'clock in the evening of the day alleged, two policemen entered the

lobby of the Southern Hotel; approaching the defendant who was sitting in a chair, one seized his hands and held him while the other searched him, taking from his person a bottle of whisky. He was arrested, and this prosecution followed:

Before the commencement of the trial, counsel made a motion to suppress all of the evidence which the state seeks to use, on the grounds that it had been obtained by means of an unlawful search of the person of the defendant, and was an unreasonable search and seizure, made in violation of the constitutional rights of the defendant. The prosecution admitted that the search was made without a search warrant and without a warrant for the arrest of the defendant. The motion was overruled. During the trial the question was saved for review by timely objections and exceptions.

F. V. Pierce testified that he saw the defendant on the street near the Southern Hotel, and about 30 minutes later saw him from the outside sitting in a chair in the lobby of the hotel, then he called Officer Culp, and they entered the lobby, and while he held the defendant's hands Officer Culp took a bottle of whisky from his person.

A. W. Culp testified that the defendant was sitting in a chair talking to Mr. Howard, and he could see the print of a bottle in his pocket; when Officer Pierce grabbed his hands he took the bottle out of the defendant's coat pocket, and it contained whisky. The bottle and its contents were introduced in evidence.

O. R. Howard testified that he was a merchant and had been sitting in a chair talking to the defendant for about 15 minutes when Officer Pierce came in and grabbed his hands, saying, "I am going to search you." That he had not seen any whisky on the defendant.

At the close of the state's evidence the defendant made

a motion to strike all the evidence, whether by way of exhibit of by testimony, obtained by reason of the search and to withdraw the same from the consideration of the jury, on the ground that the search was made in violation of his constitutional rights. The motion was overruled. He then moved for a directed verdict on the ground that the state had failed to establish facts sufficient to constitute a public offense. This was also overruled.

The constitutional provisions particularly relied upon by defendant are as follows:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided." Const. art. 2, § 21.

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated." Const. art. 2, § 30.

Section 21 corresponds in substance with article 5, and section 30 is identical with article 4, respectively, of the amendments to the Constitution of the United States.

It is well settled that the Fourth and the Fifth Amendments to the Constitution of the United States, apply only to the United States and can only be invoked as against the activities of the agencies of the federal government.

The federal courts hold that evidence, unlawfully obtained by the representatives of the government from the person, or the home, or the office of one suspected of crime, though obtained without force and coercion, is in violation of the Fourth Amendment of the federal Constitution, and that the admission of such evidence over objection would be in violation of the Fifth Amendment, thus compelling the accused in effect to testify against himself. Boyd v. U. S., 116 U. S. 619, 6 S. Ct. 524, 29 L. Ed. 746; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 658 Ed. 654; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; McKnight v. U. S., 115 F. 972, 54 C. C. A. 358.

Provisions substantially the same as the quoted provisions of our Constitution are found in the Constitutions of all the states. The state courts, generally, construe the provisions of section 30 as forbidding a search without a warrant, except when made as an incident to a lawful arrest. A person lawfully arrested may as an incident thereto be searched and articles found in his possession which are the subject of crime, or the means of committing it, or which may be of use as evidence at the trial, or which may be used in committing violence or in effecting an escape, may be seized. 2 R. C. L. 467; 5 C. J. 434.

In the cases in which a person may be lawfully arrested without a warrant, he may also be lawfully searched without a warrant.

The statute provides:

"A peace officer may, without a warrant arrest a person:

"First. For a public offense, committed or attempted in his presence.

"Second. When the person arrested has committed a felony, although not in his presence.

"Third. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested." Section 2471, C. S. 1921.

The offense charged against the defendant is punishable only by a fine and imprisonment in the county jail, and therefore is not a felony under our statute. Section 1503. Consequently the officers could not lawfully arrest him therefor without a warrant, unless the offense was committed or attempted in their presence.

It cannot be said that the criminal offense is committed

in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed, through his sense of sight or through other senses; although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it. And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant. State v. Wills, 91 W. Va. 659, 144 S. E. 261, 24 A. L. R. 1398; State v. Pluth, 157 Minn. 145, 195 N. W. 789; Hughes v. State, 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639, and annotation.

In State v. Pluth, supra, it is said:

"The fact that defendant was transporting liiquor not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers, and they had no authority to arrest him therefor without a warrant, and the search was unlawful because made without a warrant and not as an incident to a lawful arrest. 2 R. C. L. 467, par. 25. If the crime had been a felony, an arrest without a warrant might have been justified, and might have justified the search."

In Hughes v. State, supra, it is said:

"The state, having through its executive representatives produced the evidence of a violation of the law by one of its citizens by means prohibited by the Constitution, cannot be permitted through its judicial tribunal to utilize the wrong thus committed against the citizen to punish the citizen for his wrong; for it was only by violating his constitutionally protected rights that his wrong has been discovered. It is no answer to say that it matters not how a citizen's sins have been found out. Security from unlawful search is the right guaranteed to the citizen, even for the discovery of the citizen's sins. This right we must protect, unless we may with impunity disregard our oath to support and enforce the Constitution. The experience of

our forefathers with unlawful searches and seizures was deemed by the people who framed the Constitution sufficient to warrant the provision by which in instances even the guilty might escape detection and punishment."

In Jokosh v. State, 181 Wis. 160, 193 N. W. 976, it is said:

"But it is claimed that the search was not unreasonable, because the officers saw the bottle before they seized the defendant and had good grounds for believing that the bottle contained intoxicating liquors. The trouble with the argument is that it would permit such officers to seize and search every person whom they found in possession of a bottle. The fact that in this case it did contain intoxicating liquor could not legalize the search, if unlawful in the beginning and before the nature of its contents was ascertained. A search must be lawful in its entirety. It is not made lawful by what is ascertained after it is made. U. S. v. Slusser (D. C.) 270 F. 818. Officers of the law have a right to know before the search is instituted whether or not it is lawful. They are not required to take the chances of responding in damages to the person searched, if it turns out that no contraband goods are found. The law is based upon the safer and saner ground that, if there is probable cause to believe that a person is in possession of contraband goods, a search warrant will issue. But it is a judicial question as to when there is probable cause, hence a proper magistrate must determine it. When it is held there is and a warrant issues, the warrant protects the officers making the search. They are not left to the chance of being mulcted in damages if they fail to find contraband goods. The state has no right to subject its peace officers to such a penalty by saying, 'A search is lawful if you find contraband goods, but unlawful if you do not find them. Enforce the law and take your chance.' The constitutional guaranty protects persons and places from such a haphazard procedure by requiring the issuance of a search warrant upon due proof before a search can lawfully be made.

"Since it is not unlawful either as a misdemeanor or as a felony to have a bottle on one's person, the search cannot be justified on the ground that the person searched

was committing an unlawful act, and hence could be lawfully searched.

"It is also said that if searches such as this cannot be made the prohibition law cannot be enforced. This may be true in part, or it may be true in whole. The answer is that an article of the Constitution having its origin in the spirit if not in the letter of the Magna Charta prevents it, and that it is the duty of the court to sustain and enforce the Constitution in its entirety, and not to permit what may seem to be presently a desirable mode of procedure to annul such fundamental portions of our organic law as the freedom from unlawful searches."

In the case of Blacksburg v. Beam, 104 S. C. 146, 88 S. E. 441, L. R. A. 1916E, 714, it was held that a conviction for transporting alcoholic liquor was not authorized where a policeman, without any process, searched the defendant, obtained his trunk key, opened the trunk, which had been checked for transportation, seized whisky therefrom, and the next day procured a warrant for his arrest for such unlawful transportation of intoxicating liquor.

In the opinion it is said:

"We have no doubt but that a conviction under the recited circumstances is unlawful. Some things are to be more deplored than the unlawful transportation of whisky; one is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is a more serious thing to search his person; and he who accomplishes it must do so in conformity to the laws of the land. There are two reasons for this; one to avoid bloodshed, and the other to preserve the liberty of the citizen. Obedience to law is the bond of society, and the officers set to enforce the law are not exempt from its mandates. In the instant case the possession of the liquor was the body of the offense; that fact was proven by a forcible and unlawful search of the defendant's person to secure the veritable key to the offense. It is fundamental that a citizen may not be arrested and have his person searched by force and without process in order to secure testimony against him."

In Ashbrook v. State, 92 Okla. 287, 219 P. 347, it is said:

"All unlawful searches and seizures are unreasonable within the meaning of the constitutional provision forbidding unreasonable searches and seizures. * * *

"And the absolute security against unlawful search or seizure exists without reference to the guilt or innocence of the person whose property or premises is searched. The mere fact that he is guilty or that there may be reasonable grounds to believe that he is guilty of the charge preferred against him by the officer of which he is suspected, will afford no excuse or justification for an unlawful search or seizure."

It must be conceded that a majority of the state courts hold that evidence procured by an unlawful search and seizure, if relevant and material and otherwise competent, is admissible.

An annotation found in 24 A. L. R. at page 1411, contains a long list of cases, arranged by states which hold such evidence admissible. The same annotation at page 1417 contains a similar list of cases which hold it inadmissible.

For ourselves we elect to stand as this court has heretofore stood, with the federal and other courts which construe these provisions of the Bill of Rights as embodied in Constitutions to be something more than mere complications of glittering generalities. Russell v. State, 25 Okla. Cr. 423, 221 P. 113.

This court squarely aligned itself with rulings of the Supreme Court of the United States in Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Allen v. State, 25 Okla. Cr. 31, 218 P. 896; Langham v. State, 25 Okla. Cr. 33, 218 P. 897; Ashbrook v. State, 92 Okla. 287, 219 P. 347; Foley v. State, 25 Okla. Cr. 112, 219 P. 179; Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Clark v. State, 25 Okla. Cr.

403, 220 P. 974; Dooley v. State, 25 Okla. Cr. 437, 221 P. 112.

We hold, therefore, that the evidence challenged in this case was taken by the officers by unlawful search and seizure and contrary to section 30, art. 2, supra, and was improperly received in evidence against the defendant in violation of his rights under that clause of section 21, art. 2, above quoted.

In conclusion we will simply add that under the practice in this state the defendant might object to the introduction of the evidence when offered. He is not required, as he did in this case, to file a motion to suppress the evidence on the grounds that it had been obtained by an unreasonable search and seizure made in violation of his constitutional rights.

The defendant's conviction, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

Judgment reversed and cause remanded, with directions to discharge the defendant.

BESSEY, P. J., and EDWARDS, J , concur.