## HOWARD MILES v. STATE.

No. A-4989.	Opinion Filed May 6, 1925.
(235 Pac. 1116.)

(Syllabus.)

**Evidence—Unlawful Possession of Liquor—Evidence Obtained by Unlawful Search of Person Without Warrant for Arrest.** In a prosecution for unlawful possession of intoxicating liquor, the defendant cannot be convicted upon evidence obtained by an unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof, so acquired, is admissible against him.

Appeal from County Court, Tulsa County; John P. Boyd, Judge.

Howard Miles was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded, with direction to discharge accused.

Tom Cheatwood, for plaintiff in error.

DOYLE, J. The plaintiff in error was tried upon an information charging that in Tulsa county, on the 30th day of June, 1923, he did have in his possession one gallon and three pints of corn whisky with the unlawful intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined in jail for five months and to pay a fine of $350. To reverse the judgment he appeals.

The undisputed facts are that in the afternoon of the date alleged, two police officers of the city of Tulsa were driving along the highway outside the city and met the defendant walking along the highway, they stopped their car, got out and searched the defendant, found about a gallon of whisky in a package he was carrying, and found three pint bottles of whisky in his pockets. The officers testified that the search was made without a search warrant and without a warrant for the arrest of the defendant. He was arrested, and this prosecution followed.

It appears that the evidence in the case was all admitted over the defendant's objections, and at the close of the state's evidence the defendant made motion to strike all the evidence, whether by way of exhibit or by testimony, obtained by reason of the search, and to withdraw the same from the consideration of the jury, on the ground that the search and seizure was in violation of his constitutional rights. The motion was overruled. He then moved for a directed verdict on the ground

that the evidence was insufficient to sustain the allegations of the information. This was also overruled.

The main question presented in this case is passed upon in the case of Keith v. State, 30 Okla. Cr. 168, 235 P. 631, and other cases cited in the opinion, holding that:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his posession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

For the reasons given in these cases, the judgment is reversed, and the cause is remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.