# CLAUDE LOGAN v. STATE.

No. A-4864.  Opinion Filed June 15, 1925.
(236 Pac. 920.)

D. M. Martindale, for plaintiff in error.

DOYLE, J.  The information in this case charges that on the 29th day of March, 1923, within the corporate limits of the city of Tulsa, the defendant, Claude Logan, did transport intoxicating liquor; namely, one quart of Jamaica ginger from an unknown point to a point at the corner of First street and Cincinnati avenue in said city.  On the trial the jury returned a verdict finding the defendant guilty as charged in the information, and fixing his punishment at a fine of $500 and imprisonment in the county jail for a period of six months.  The court overruled a motion for new trial, and rendered judgment on the verdict, to reverse which the defendant appeals.

Of the various errors complained of it is only neces-

sary to consider the one that the court instructed the jury on the theory that the defendant was being prosecuted for unlawful possession instead of transporting intoxicating liquor.

Instruction No. 1 reads:

"In this case the state of Oklahoma prosecutes defendant, Claude Logan, upon an information charging that on the 29 day of May, 1923, and anterior to the presentment hereof in the city of Tulsa, county of Tulsa, and state of Oklahoma, the defendant did unlawfully and wrongfully have in his possession certain intoxicating liquor, to wit, two pints of Jamaica ginger, with the intent then and there upon the part of the said defendant to sell, barter, give away, and otherwise furnish and dispose of the same in violation of the prohibitory laws of the state of Oklahoma. To the charge in the information the defendant has entered his plea of not guilty, and upon this issue the case is submitted to you for your consideration. Given and excepted to by the defendant. G. E. Warren, Judge."

In instruction No. 4 the court also misdirected the jury as to the offense charged.

It needs no argument to sustain the error complained of. The defendant was on trial only for the offense charged in the information, and that was unlawful transportation of intoxicating liquor, and should be convicted only of the offense charged in the information, and it was prejudicial error for the court to so substitute another offense in the instruction given for the one charged in the information.

Upon examination of the record we deem it proper to say that the evidence introduced by the state was obtained by an unlawful search of the defendant's person without a warrant for his arrest, and neither the liquor so seized nor the evidence of the possession thereof so acquired was admissible against him. Keith v. State, 30 Okla. Cr. 168, 235 P. 631.

We think the motion to direct an acquittal, when the state rested its case, should have been sustained.

For the foregoing reasons the judgment appealed from is reversed, and the case remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.