## B. E. WOODWARD v. STATE.

No. A-5097. Opinion Filed July 11, 1925
(238 Pac. 498.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, B. E. Woodward, was tried and convicted under an information charging that he did unlawfully transport intoxicating liquor from a point unknown in Muskogee county to another point near the center of the 900 block, South Katy avenue, in the city of Muskogee, and in accordance with the verdict of the jury was sentenced to be confined for 30 days in the county jail and pay a fine of $50. To reverse the judgment, he appeals.

Of the various assignments of error it is only necessary to consider one, that the court erred in overruling the motion to exclude certain articles seized and the evidence relating to such seizure, on the ground that said search and seizure was made in violation of the constitutional guaranty prohibiting unreasonable search and seizure.

The facts which are undisputed are that B. E. Woodward, a farmer living near Oktaha, came to Muskogee with his family, and while walking along the street was arrested on suspicion that he did have in his possession intoxicating liquor.

The state introduced Lee Askew, who testified that he was a special deputy sheriff, and saw the defendant on South Katy avenue carrying a suitcase; that he ran after him, and the defendant threw down the suitcase and kept on going; that he caught him and took him to the sheriff's office for investigation; that there was a gallon and a half of whisky in the suitcase; that he did not have a search warrant, but pursued him because he suspected he had whisky.

The testimony of the witness was introduced over the objections of counsel for plaintiff in error. The state rested, and there was a motion for a directed verdict of acquittal, which motion was overruled and exception allowed.

The defendant testified that this fellow ran upon him with a gun and arrested him and took him to jail, then brought an old suitcase in that he had never seen before and told him that was the grip that he threw away. He denied that he was carrying a suitcase.

The prosecution admitted that the arrest was made without a warrant, and the search and seizure was without a search warrant.

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, it was held that:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody

under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In the opinion it is said:

"It cannot be said that the criminal offense is committed in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed, through his sense of sight or through other senses; although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it.

"And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant."

On the authority of the case cited, the judgment in this case is reversed and the cause remanded, with direction to discharge defendant.

BESSEY, P. J., and EDWARDS, J., concur.