## G. W. GOWER v. STATE.

No. A-5485.   Opinion Filed April 24, 1926.
(245 Pac. 67.)

W. B. Toney, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of the county court of Hughes county, rendered on the verdict of a jury finding the defendant, G. W. Gower, guilty of transporting intoxicating liquor, and fixing his punishment at a fine of $150 and confinement in the county jail for 30 days. The errors assigned relate to rulings of the court in the admission of evidence.

The undisputed facts testified to by three witnesses for the state are that B. R. Templeman, Roy Reed, and Mitchell Compier, deputy sheriff, were attending a picnic and had information from an unknown party that defendant, Gower, was coming to the picnic with intoxicating liquor; that they concealed themselves about eight miles east of Holdenville and waited for Gower to come along, and about 8 o'clock that night he came along the road, and they threw their car in front of his and crowded him into the ditch, and then searched his person and found a bottle of whisky, and searched the car and found another bottle of whisky. They each testified that they had no search warrant or warrant for the arrest of defendant.

The testimony of each witness was admitted over the objections of the defendant that the same was incompetent, having been obtained by search of defen-

dant's person and car without a search warrant, and at the close of the state's evidence the defendant moved to strike all the evidence obtained by reason of said search and seizure, on the ground that the same was made in violation of his constitutional rights.

That all the evidence offered by the state was incompetent is not open to question under the decisions of this court. It has been repeatedly held that no search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws, having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law. Keith v. State, 30 Okla. Cr. 168, 235 P. 631.

The fact that defendant was conveying liquor, not being discoverable without a search, the offense of conveying was not committed in the presence of the officers, and they had no authority to arrest him therefor without a warrant, and the search of his person and of his car was unlawful, because made without a search warrant and not as an incident to a lawful arrest.

We hold, therefore, that the evidence challenged in this case was taken by the officers by unlawful search and seizure and contrary to Bill of Rights, § 30, and was improperly received in evidence against the defendant in violation of his rights under section 21, Bill of Rights.

The defendant's conviction, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

Judgment reversed and cause remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.