## JOHN BASSETT v. STATE.

No. A-5587. Opinion Filed June 2, 1926.
(246 Pac. 654.)

Turner, Turner, Harley & Parris, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. On information charging that on November 22, 1923, John Bassett did unlawfully and feloniously transport and convey one quart of whisky from a point in McIntosh county, unknown, to a certain point in the city of Eufaula, the same being a second violation of the pro-

hibitory liquor laws, and, charging the former conviction of unlawful possession in the county court of said county on September 28, 1921, he was convicted and in accordance with the verdict of the jury was sentenced to serve a term of one year and one day in the penitentiary and to pay a fine of $100. To reverse the judgment he appeals.

A number of errors are assigned and argued, but one of which it is deemed necessary to notice, and that is that the court erred in admitting incompetent testimony obtained by a search of his person and without process in violation of his constitutional rights.

The undisputed facts are that Jim Rushing, chief of police of Eufaula, in company with Ed Allen, deputy sheriff, stopped the defendant on the street and searched his person and took from defendant's pocket a bottle of whisky. Rushing testified:

"I walked up against him and saw the neck of a bottle. I said, 'What have you got?'' and took it out of his pocket. I was acting without a warrant of any kind."

To the same effect is the testimony of Ed Allen.

The evidence for the state was admitted over the defendant's objections, interposed when each witness was called to testify, on the grounds that the bottle had been obtained by means of an unlawful search of defendant's person and was an unreasonable search and seizure, made in violation of the constitutional rights of defendant.

The state rested, and defendant made a motion to strike all the evidence, whether by way of exhibit or by testimony, obtained by reason of the search, and to withdraw the same from the consideration of the jury on the ground that the search was made in violation of his constitutional rights.

It is fundamental that a citizen may not be arrested and have his person searched by force and without process

in order to secure testimony against him. The right of individuals to be exempt from such searches is guaranteed by sections 21 and 30 of the Bill of Rights.

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, we held:

"In a prosecution for unlawfully transporting intoxicating liquor, defendant cannot be convicted upon evidence obtained by an unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof so acquired, is admissible against him."

Upon the authority of that case we hold that the evidence challenged in this case was taken by the officers by unlawful search and seizure, and contrary to section 30 of the Bill of Rights, and was improperly received in evidence against defendant in violation of his rights under section 21 of the Bill of Rights.

The judgment of the lower court is reversed and cause remanded, with direction to discharge defendant.

BESSEY, P. J., and EDWARDS, J., concur.