# TOM WELLS v. STATE.

No. A-5904.   Opinion Filed July 19, 1927.
(258 Pac. 285.)

Roy White and Anglin & Stevenson, for plaintiff in error.

Tht Attorney General, for the State.

DOYLE, P. J.  The information in this case charged that on May 22, 1925, "Tom Wells did unlawfully transport a quantity of intoxicating liquor, to wit, five gallons of whisky, from a point in Hughes county unknown to a point on the public highway, about 300 yards east of the northeast corner of the town of Lamar."  The trial resulted in his conviction and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days.  To reverse the judgment rendered on the verdict he appeals, and assigns as error that the trial court erred in admitting incompetent evidence over his objection and in

refusing to strike such evidence and in overruling the demurrer to the evidence of the state.

Sherman Thomas testified that he was constable of Lamar township, and saw the defendant on the road northeast of Lamar, in a Ford car, driving towards Lamar; that Jack Kitchens and Ray Barton were with witness, and he stopped the defendant's car; that he had never seen the defendant before and did not know whether there was anything in the car or not; that it was about 10 o'clock at night; that he searched the car and found a five-gallon jug in the car and it had whisky in it; that he did not have a search warrant.

Jack Kitchens testified that he was with Constable Thomas, and helped him search the car, and they found a five-gallon jug with whisky in it in the car.

The testimony of the two officers was admitted over the defendant's objection that the same was incompetent as having been obtained by an unlawful search and seizure.

At the close of the state's case the defendant moved for a directed verdict of acquittal on the same ground, which was overruled.

The fact that the defendant was transporting intoxicating liquor not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers, and they had no authority to arrest the defendant therefor without a warrant.

That all the evidence offered by the state was incompetent is not open to question under the decisions of this court. It has been repeatedly held that no search of the person, or seizure of any article found thereon, can be made on mere suspicion that the person is violating the prohibitory liquor laws by having intoxicating liquor in his possession without a search warrant, unless and until the alleged offender is in custody under a warrant of ar-

rest, or shall be lawfully arrested without a warrant as authorized by law. Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Graham v. State, 31 Okla. Cr. 125, 237 P. 462; Gower v. State, 34 Okla. Cr. 149, 245 P. 67; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424.

We hold, therefore, that the evidence challenged in this case was obtained by the officers by unlawful search and seizure and contrary to Bill of Rights, § 30, and was improperly received in evidence against the defendant in violation of his rights under section 21, Bill of Rights.

For the reasons stated, the judgment of the lower court is reversed and cause remanded, with direction to discharge the defendant.

EDWARDS and DAVENPORT, JJ., concur.