RUFF BIRDWELL v. STATE.

No. A-5898. Opinion Filed Aug. 12, 1927.
(259 Pac. 152.)

Anglin & Stevenson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The appellant was convicted under an information charging that on February 25, 1924, he unlawfully transported intoxicating liquor from some point unknown to Dilday's Cafe, on East Main street, in the city of Holdenville, and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days. To reverse the judgment rendered on the verdict he appeals, and he alleges that the verdict is contrary to both the law and the evidence, and that the court erred in overruling his motions to suppress the evidence and to strike the same for the reason that such evidence was obtained by an unlawful search of his person in violation of his constitutional rights.

The state relied for this conviction upon the testimony of the complaining witness, Sunday Narcomy, constable of Yeager township, who testified:

"I saw the defendant go into the cafe; I meant to

search him, he gave me a shove, and I grabbed my gun, and he gave me a bottle of whisky, something near one-half pint, it was on his person; that was in Hughes county."

Cross-examination:

"Q. Did you have any warrant to arrest him? A. No, sir.

"Q. You did not know he had whisky until you searched him? A. No, sir.

"Q. You hit him on the head—cut a gash across his head and it bled quite a bit, didn't it? A. I don't think so.

"Q. Staggered him, didn't it? A. Yes, sir."

The defendant moved to strike on the ground that the evidence had been obtained by means of an unlawful search of his person. The motion was overruled, and defendant moved the court on the same ground to direct a verdict of acquittal, in the form of a demurrer to the evidence. This was also overruled.

It is fundamental that a citizen may not be arrested and have his person searched by force and without process in order to secure testimony against him. No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws by having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law. Where the officer does not know of the act constituting the offense, it is not committed in his presence. In a prosecution for unlawful transporting intoxicating liquor, the defendant cannot be convicted upon evidence obtained by an unlawful search of his person without a warrant for his arrest, and neither the liquor so seized nor evidence of the possession thereof so acquired is admissible against him.

Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Logan v. State, 31 Okla. Cr. 46, 236 P. 920.

It follows that the motion to direct an acquittal when the state rested its case should have been sustained.

The defendant's conviction, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, is reversed and the cause remanded, with direction to dismiss.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.