LULA SOWARDS v. STATE.

No. A-5899.    Opinion Filed Aug. 18, 1927.
(259 Pac. 157.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case charges that in Hughes county, March 21, 1924, Claud Heard and Lula Sowards did transport intoxicating liquor. Upon arraignment, the defendant Claud Heard pleaded guilty. The jury returned a verdict finding the appellant guilty and fixed her punishment at a fine of $50 and confinement in the county jail for 30 days.

The errors assigned relate to rulings of the court on the admission of evidence.

The undisputed facts as shown by the testimony of R. B. Templeman and Sunday Narcomy are that these officers stopped the defendants on the highway 3 miles west of Holdenville, appellant driving a team and with her brother in the wagon.

Narcomy testified that they did not have a warrant for the arrest of the defendants and had no search warrant, and did not know the defendants had any whisky in the wagon until they found it; that they found about 4 gallons of whisky covered up with hay in the wagon and arrested the defendants.

The testimony of each witness was admitted over appellant's objections that the same was incompetent,

having been obtained by an illegal search of her person and property.

At the close of the state's evidence, appellant moved to strike all the evidence obtained by reason of such search and seizure on the ground that the same was made in violation of her constitutional rights, which motions were overruled.

In Childress v. State, 31 Okla. Cr. 208, 238 P. 218, we said:

"It is too familiar to require citation of authority that it is the settled doctrine in this state that, in order to make arrest and seizure without a warrant under section 7014, C. S. 1921, there must be a violation of the prohibitory liquor laws committed in the presence of the arresting officer, and a conviction must be reversed where evidence procured by an officer of the court by means of an unauthorized search and seizure is admitted over the objections of the defendant."

And see Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Gower v. State, 34 Okla. Cr. 149, 245 P. 67.

The fact that the defendants were conveying liquor not being discoverable without a search, the offense of conveying was not committed in the presence of the officers, and they had no authority to arrest the defendants therefor without a warrant, and the search and seizure was unlawful because made without a search warrant, and not as an incident to a lawful arrest.

We hold, therefore, the evidence challenged in this case was obtained by the officers by unlawful search and seizure contrary to Bill of Rights § 30, and was improperly received in evidence against appellant in violation of her rights, under section 21, Bill of Rights.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded, with directions to dismiss.

EDWARDS and DAVENPORT, JJ., concur.