## BILL PHILLIPS v. STATE.

No. A-5967. Opinion Filed Jan. 21, 1928.
(262 Pac. 1079.)

Wilkinson & Wilkinson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Stephens county with "the crime of transporting intoxicating liquor, to wit, two pints of whisky, from one place in Stephens county to another place in said county and state, namely, from a place unknown to affiant to a place in the city of Duncan, Stephens county, Okla., on Main street in said city in front of the Collinwood Rooms, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The defendant was tried and convicted and the following sentence was imposed upon him:

"That the state of Oklahoma do have and recover of and from the defendant, Bill Phillips, the sum of $250 fine and costs of this prosecution, including an attorney's fee taxed at $15; and that the defendant be confined in the county jail or worked upon the roads of Stephens county, as the case may be, for a period of 3 months days. And it is further ordered that, in default of payment of said fine and costs hereinbefore mentioned, the defendant, Bill Phillips, be confined in the county jail of Stephens county, Okla., or worked upon the county roads of Stephens county, Okla., at the rate of $1 for each day so confined, or so worked until all the said fine and costs, in addition to said jail sentence, above set forth, be fully satisfied."

To reverse the judgment and sentence defendant has appealed to this court. Several errors have been committed by the court, but we will first consider assignment 2, which is as follows:

"(2) The court erred in overruling defendant's mo-

tion to strike the evidence of the witness I. B. Gossett from the consideration of the jury on the ground that the testimony showed that the evidence of the witness Gossett was procured in violation of the constitutional rights of the defendant without a search warrant. To the action of the said court in overruling the said motion the defendant duly excepted."

The testimony on behalf of the state is in substance as follows: I. B. Gossett stated:

That he was chief of police of the city of Duncan; that he knew the defendant, Bill Phillips; that on the 19th day of May, 1925, he called the defendant, Phillips, over the phone and asked him to bring him some liquor. The defendant was to bring the liquor to the Collinwood Hotel. The defendant said, "Is that you, Jack?" and witness said, "Yes." "I was sitting out in front of the hotel with Charley Roberts, when the defendant, accompanied by his wife, drove up; it was about 15 minutes after I had phoned him. The defendant got out of the car; I didn't see any liquor there."

Mr. Phillips got out of the car, and Charley asked him to give him that bottle, and he handed it to him, and searched him and took another one. He took two pints of whisky from the defendant; he took it from him in front of the Collinwood Rooms in the city of Duncan, Stephens county.

On cross-examination I. B. Gossett stated:

That neither he nor Mr. Roberts had a search warrant. He asked the defendant to stop, and asked what he had on him. "Mr. Roberts and myself were stationed at the hotel aiming to search the defendant when he came. We intended to take it off of him by force if he did not give it to us. I was just getting out of the car, and Mr. Roberts was the first one out. Mr. Roberts called the defendant, and stopped his car, and had the defendant get out, and asked him what he had on him, and told him to give him the bottle."

At the conclusion of Gossett's testimony the state rested. The defendant moved the court to exclude the testi-

mony of I. B. Gossett from the trial for the reason that the liquor seems to have been procured without a search warrant; and also moved the court to strike the testimony of the state, which motion was by the court overruled, and defendant duly excepted.

The defendant announced that he did not desire to introduce any testimony, and closed, but immediately asked the court to reopen the case that he might produce testimony. The state objected, and then defendant made an offer, stating the names of the witnesses, and the evidence he could produce by these witnesses. The county attorney insisted that he had discharged his witnesses; yet there is nothing in the record to disclose, when the defendant offered to make certain proof by witness W. C. Phillips and B. B. Hickman, that the witnesses had been discharged. The court refused to permit the case to be reopened upon the defendant's motion, and defendant duly excepted. The defendant then moved the court to instruct the jury to return a verdict of not guilty, which motion was also overruled, and defendant duly excepted.

For some reason the state did not call Charley Roberts, the man whom Gossett's testimony shows is the one that stopped defendant's car, compelled him to get out, and demanded of the defendant to know what he had on him, and the man who searched the defendant, and, as Gossett states in his testimony, took whisky off of his person.

"In a prosecution for unlawfully transporting intoxicating liquor, defendant cannot be convicted upon evidence obtained by an unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof so acquired, is admissible against him." Keith v. State, 30 Okla. Cr. 168, 235 P. 631.

This question has been in this court so often that it seems useless to cite authorities. The state offered no testi-

mony other than the testimony of witness Gossett, which testimony was procured by stopping the defendant's car, compelling him to get out, and searching him, without any warrant for his arrest or a search warrant.

The objection of the defendant to the admission of the testimony on behalf of the state, on the ground that it was procured unlawfully, was well taken, and his motion should have been sustained. There are many errors assigned by the defendant, but, in the view we take of this record, we do not deem it necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.