## C. W. WINGER v. STATE.

No. A-6552.  Opinion Filed Jan. 12, 1929.
(273 Pac. 366.)

Roberson & Roberson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.  The information in this case charges that C. W. Winger, in Canadian county, on or about the 15th day of July, 1927, did unlawfully and willfully convey and transport corn whisky from a building on lot 3, block 14, of the town plat of Okarche to another point in said town, about 50 feet west of said building.

On the trial the jury returned a verdict finding him guilty and assessed his punishment at a fine of $100 and a jail term of 30 days.

To reverse the judgment rendered on the verdict, he appeals.

The undisputed facts are that two deputy sheriffs, armed with a search warrant for the search of a building in the town of Okarche, concealed themselves in a building nearby, the building for which they had a search warrant, the buildings being about a hundred feet apart. They testified they saw appellant go to a door of the building for which they had a search warrant, and appellant reached inside the door and got something they thought to be a bottle and put it in his pocket and then started west on the sidewalk. The officers followed him and halted him and without his consent searched and took from his person a small bottle of whisky.

The testimony was admitted over the defendant's objection on the ground that the same had been procured by an unlawful search and seizure of the defendant's person.

When the state rested, defendant demurred to the evidence and moved the court to advise the jury to return a verdict of acquittal on the ground that the intoxicating liquor was taken from the person of defendant without his consent and in violation of his constitutional and statutory rights, which demurrer was overruled and motion denied.

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, it is held:

"It is unlawful under section 30, art. 2, of the Constitution of this state, forbidding unreasonable searches and seizures for an officer, without a warrant authorizing it, to search a person."

And further held:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody

under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

Under the holding of this court in the Keith Case, supra, the court erred in overruling defendant's motion for a directed verdict of acquittal.

The defendant's conviction, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

The judgment is reversed and cause remanded, with direction to discharge defendant.

EDWARDS and DAVENPORT, JJ., concur.