## JOHN BAILEY v. STATE.

No. A-6478.   Opinion Filed August 3, 1929.
(279 Pac. 914.)

Jesse H. Dunn, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of transporting intoxicating liquor and was sentenced to pay a fine of $100 and be imprisoned in the county jail for a period of 60 days. Motion for new trial was filed and overruled, and the case appealed to this court.

Briefly the testimony on the part of the state is that the officer saw the defendant on the street in the city of Davis, Murray county, Oklahoma; he stated he suspicioned the defendant had whisky, and, without any warrant for the arrest of the defendant, or to search his person, the officer searched him and claims to have found a pint of whisky on his person. The officer admitted that

he did not see the whisky, but saw the print of something, and that the defendant was walking along the street without interfering with any one. The state further introduced testimony tending to show that, after the defendant was searched and arrested on the street, the officer procured a search warrant and went to the room of the defendant and searched it and found some whisky in his room. This testimony was objected to by the defendant, his objection was overruled, and defendant duly excepted.

The defendant objected to the introduction of the testimony of the officer who searched his person on the street without a search warrant, which objection was overruled, and the defendant duly excepted. The defendant was tried for transporting intoxicating liquor, which is a separate and distinct charge to that of having intoxicating liquor in his possession. All of the testimony with reference to the searching of defendant's room, after his person had been searched by the officer on the street and defendant placed under arrest, was incompetent and immaterial, where the defendant was being tried for a single violation of our statute for transporting intoxicating liquor.

We do not deem it necessary to further discuss the question raised by the defendant, that the court erred in permitting the testimony procured as it was to be introduced, and the defendant's motion for a new trial. We hold that the objection of the defendant was well taken and the testimony procured by the officer was unlawfully admitted. This question has been before this court often, and the court has held that the officer was without authority to search the person of defendant on suspicion of the commission of a misdemeanor without a search war-

rant. Crossman v. State, 28 Okla. Cr. 198, 230 Pac. 291; Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631.

In view of the facts contained in the record, and the decisions of this court upon the questions involved, the objections of the defendant were well taken, and the defendant's conviction, having no sufficient evidence to support it without the use of the evidence that was unlawfully obtained, should be reversed.

The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.