## JOHN WHITE v. STATE.

No. A-7679.   Opinion Filed Feb. 28, 1931.
(296 Pac. 530.)

W. P. Hickok and J. H. Antrobus, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of transporting, and was sentenced to pay a fine of $300 and costs, and be confined in the county jail for 60 days.   From which judgment and sentence the defendant has appealed.

The testimony on behalf of the state shows that Ezra Burnett was city marshal of Seiling; he testified, in substance, that he saw the defendant, John White, and a Mr. Carter in the town of Seiling on the 25th day of August, 1929; they were walking down the street; they stopped a minute and had some conversation and then Mr. Carter went on to town; the defendant went down the alley to his father's barn; "I next saw him back by the side of his father's barn; I saw him put something in his pocket, it looked like a bottle; at the time I arrested him I could see what looked like a bottle; after I arrested him I took the bottle out of his pocket and examined it, and it was whisky."

On cross-examination witness stated it was dark:

"I could not remember whether it was moonlight or not; I saw the defendant go to his father's barn about thirty yards or a little farther from where I was standing; it was in the same block; I saw the defendant come from the north side of the barn with something that looked like a bottle in his hand, couldn't swear positively what it was at that time; he came from the west, came south and east; I was facing in a westerly direction; the bottle I took off of him was in his right hip pocket; I said I saw the bottle in his pocket before I arrested him; the light showed out of the building on the defendant; I did not see the whole bottle, saw the top of it, I did not know for sure what it was; it looked like whisky to me; so far as my knowledge was concerned I only had a suspicion he was carrying whisky; did not have a warrant for his arrest; did not have a warrant to search him or any place else. When I arrested him I searched his person and took the bottle out of his right hip pocket; I was not sure what it was I saw him put in his pocket was a bottle, I did not know what was in it; did not know anything about it."

The defendant moved the court to strike the testimony from the record and instruct the jury not to con-

sider the examination of the witness Ezra Burnett, for the reason that the officer did not have a search warrant or a warrant for his arrest, and that the facts were procured and made illegally, and in violation of the law, and of the defendant's statutory and consitutional rights, and in violation of section 30, art. 2, of the Constitution of Oklahoma. This motion was overruled, and the defendant duly excepted.

The testimony in this case clearly shows that the defendant was stopped on the street and searched by an officer on mere suspicion that he had whisky on his person, as the officer admits he did not know what the defendant had on his person. The right of an individual to be exempt from unlawful search and seizure is guaranteed by sections 21 and 30 of the Bill of Rights.

In Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631, this court said:

"In a prosecution for unlawfully transporting intoxicating liquor, defendant cannot be convicted upon evidence obtained by an unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof so acquired, is admissible against him." Bassett v. State, 34 Okla. Cr. 370, 246 Pac. 654.

Upon the authority of the cases cited, we hold that the evidence challenged in this case was taken by the officer by an unlawful search and seizure, and contrary to section 30 of the Bill of Rights, and was improperly received in evidence against the defendant. The motion of the defendant was well taken and should have been sustained.

The judgment of the lower court is reversed.

EDWARDS and CHAPPELL, JJ., concur.