# J. C. EVANS v. STATE.

No. A.-9768.   Feb. 12, 1941.
(110 P. 2d 621.)

Lewis T. Martin and Robert H. Allen, both of Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, J. C. Evans, was charged by information in the county court of McCurtain county, on November 23, 1938, with the unlawful transportation of whisky; was tried, convicted, and sentenced to serve a term of 90 days in the county jail and to pay a fine of $250, from which judgment and sentence he appeals to this court.

The only assignment of error made by the defendant is that the evidence of the state was inadmissible because it was procured by an unlawful search and seizure.

Two deputy sheriffs, Roundtree and Butler, testified that they had been informed by an officer from Texas that he had seen the defendant getting a carload of whisky from a whisky house in Arkansas, and had followed the car to the state line. The deputy sheriffs commenced a watch of the streets of Idabel for the car to appear. The officers testified that the defendant had slowed down to 10 or 12 miles per hour as he was going through the streets of Idabel, and that they drove up beside him and jumped on the runningboard of the defendant's car.

The state admits that they had no warrant for the arrest of the defendant, had no search warrant to search his automobile, and that no offense was being committed by the defendant in the presence of the officers which would justify his arrest and the search of his automobile.

The state evidently relies upon a certain statement alleged to have been made by the defendant at the time his car was stopped by the officers as constituting a waiver of his constitutional right to immunity against an unlawful search of his person or effects.

In this regard, Officer Roundtree testified:

"We pulled up out on the other side and I was on the running board of our car and I stepped off on to his, and I said, 'We got information you were coming through with a load of whisky;' he didn't make any remarks that I remember of at the time, and I went around, and I think Mr. Butler got out and went behind the car, and he said, 'Well, looks like you got me,' or 'caught me,' or something like that, and I got in and I said, 'Let's drive back behind the courthouse,' and he said, 'Which way?' and I told him, so when we got around here I kinder stayed with him and kept him in charge and the other boys took charge of the whisky."

Officer Butler testified that he did not hear the defendant say anything, as he was on the opposite side of the car from Roundtree.

The defendant took the witness stand and denied making any statement to Roundtree such as was quoted by Roundtree as having been made by the defendant.

After the defendant drove his automobile to the courthouse as directed by the officers, a search was made by unlocking the turtleback of the defendant's car, where there was found, concealed, approximately 20 cases of whisky.

We have held that if a suspected person informs an officer that he is engaged in the commission of a misdemeanor, although the visual, auditory, or olfactory proof is not evident, the officer is justified in acting on the information of the person suspected, although he cannot have the right to act on the information of any other person. The information by the person amounts to an admission or to a waiver of knowledge derived through the ordinary senses. Miles v. State, 31 Okla. Cr. 4, 236 P. 907; McAfee v. State, 65 Okla. Cr. 65, 82 P. 2d 1006.

In the case of Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433, 438, it is stated:

"In 6 C. J. S., Arrest, § 5, it is said:

" 'As a rule two elements must concur to constitute an offense in the presence of the officer: (1) The facts or elements constituting the offense must be revealed in the presence of the officer. (2) The officer must perceive and have knowledge that such offense is being committed. As here used, even though an offense is actually being committed in the officer's immediate vicinity, the offense is not in his "presence," so as to justify an arrest without a warrant, if he does not know of its commission. Accordingly, where the officer does not know of the commission of an offense in his immediate vicinity until after a search, the offense is not in his "presence" so as to justify an arrest without a warrant. * * *

" 'An offense is committed in the presence or view of an officer, within the meaning of the rule authorizing an arrest without a warrant when the officer receives knowledge of the commission of an offense in his presence through any of his senses, or by inferences properly to be drawn from the testimony of the senses, and he is not limited to information derived through the sense of sight. Accordingly, where through the sense of sight, or smell, or hearing, the officer receives knowledge that an offense is being committed in his presence he may arrest the offender without a warrant. * * *

" 'An arrest is also justified where the officer, by virtue of a verbal admission made by the offender before his arrest, knows that an offense is being committed in his presence, as for example, where the offender admits to the officer that he is violating the laws relating to the possession, the manufacture, or the transportation of intoxicating liquor. * * *

" 'Where an officer, after lawfully stopping or restraining a person, becomes aware that an offense is being committed, or is about to be committed in his presence, he may lawfully arrest the offender without a warrant; but

where the officer becomes aware of the facts constituting the offense after making an unlawful arrest, the arrest cannot be justified as being for an offense committed in his presence.' "

The defendant, under the testimony of Roundtree, made no statement of any kind until after the officers had forced him to stop his automobile, and they had walked around behind the defendant's car. The defendant was then under actual physical restraint by the officers. One of the officers did not hear the defendant make any statement; and the testimony of the other officer that the defendant said, "Well, looks like you got me," or "caught me," or "something like that," certainly would not be sufficient to constitute a waiver of the defendant's immunity to an unreasonable search.

Assuming that the defendant made this statement, the same cannot be construed as being an implied invitation to the officers to search the car. It is more of an announcement by the defendant that he considered himself under arrest by the officer, and that he was submitting in consequence thereof.

In the case of Buddie Barnett v. State, 71 Okla. Cr. 118, 109 P. 2d 243, we stated that where the proof shows that policemen, being suspicious of the defendant violating the prohibitory law, arrest the defendant, take him to the police station, search him, unlock the turtleback of his automobile, and find whisky therein, all of said activities on the part of the officers being done without a warrant, the search is unlawful, and the evidence obtained thereby is inadmissible.

In Gower v. State, 34 Okla. Cr. 149, 245 P. 67, the court set out:

"The fact that defendant was conveying liquor, not being discoverable without a search, the offense of con-

veying was not committed in the presence of the officers, and they had no authority to arrest him therefor without a warrant, and the search of his person and of his car was unlawful, because made without a search warrant and not as an incident to a lawful arrest." Sowards v. State, 37 Okla. Cr. 431, 259 P. 157; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Leary v. State, 61 Okla. Cr. 298, 67 P. 972; Wells v. State, 37 Okla. Cr. 305, 258 P. 285.

In this case the officers' suspicions were well founded, but that will not justify the unlawful search or purge it of its illegality. Evans v. State, 34 Okla. Cr. 173, 245 P. 912.

It is established law of this state that officers have no right to search an automobile without a warrant merely because they suspect that liquor is stored therein. This court has never held nor inferred in any decision that an automobile is such an agency that officers may search such vehicle at any time or place merely because they have suspicion that liquor is stored therein; and a search is illegal unless the officer procures a search warrant for said vehicle or an offense is being committed in the presence of the officer that would justify the arrest of the person in the possession of the automobile.

As was stated by Chief Justice Taft in the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 285, 288, 69 L. Ed. 543, 39 A. L. R. 790:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search."

Upon a consideration of the entire record, we are convinced that the arrest of the defendant was without authority of law. The search of the automobile not being

incidental to lawful arrest, the evidence obtained thereby was inadmissible.

This case is accordingly reversed, and the defendant ordered discharged.

BAREFOOT, P. J., and DOYLE, J., concur.