## STANLEY et al. v. STATE.

No. 10267—Opinion Filed July 26, 1921.

(Syllabus.)

**1. Intoxicating Liquors—Arrest and Seizure of Property Without Warrant — When Justified.**

In order to justify an arrest and a seizure of property without a warrant or complaint under section 3617, Rev. Laws 1910, it must appear that there was a violation of the prohibitory laws committed in the presence of the arresting officer.

**2. Same—Insufficiency of Evidence to Show Legal Seizure.**

Record examined, and held, that the evidence in the case at bar wholly fails to show that the defendants herein violated the prohibitory laws in the presence of the officer.

**3. Same—Applicability of Statute—Trial of Right of Property.**

That part of section 10, ch. 70, Sess. Laws 1911, which provides that, "Upon such hearing the sworn complaint or affidavit upon which the search warrant was issued shall constitute prima facie evidence of the contraband character of the property and things seized," has no application to a hearing to determine the right of property where the arrest and seizure were made without a warrant or complaint pursuant to section 3617, Rev. Laws 1910.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Proceeding by the State to forfeit certain personal property as contraband under the prohibition laws; Jack Stanley and others intervening as owners or lienholders. Judgment for the State, and interveners bring error. Reversed and remanded.

Fulton, Shirk & Danner, Vaught & Brewer, John H. Halley, Giddings & Giddings, and Blake, Boys & Shear, for plaintiffs in error.

Chas. B. Selby, Co. Atty., and Porter H. Morgan, Asst. Co. Atty., for defendant in error.

KANE, J. This was a proceeding for the purpose of trying the right of property in certain wearing apparel, household furniture, musical instruments, etc., seized by a police officer for an alleged violation of the prohibitory law committed in his presence. Upon trial to a jury there was verdict in favor of the state upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The plaintiffs in error assign numerous grounds for reversing the judgment of the trial court, nearly all of which were predicated upon the theory that the property involved was seized under section 13, ch. 70, Sess. Laws 1911, providing for declaring certain places nuisances for violations of the prohibitory laws. In the brief filed by the state the county attorney concedes that the public nuisance statute was not in question, and that the proceedings herein were not brought thereunder; that, on the contrary, the property was seized under section 3617, Rev. Laws 1910, which provides for the seizure of property for violations of the prohibitory laws committed in the presence of an officer, and section 10, ch. 70, Sess. Laws 1911, which provides the mode of trial for determining the right of property. The theory of the county attorney, with which we fully agree, that the state must find its justification for seizing this property within the terms of these two sections of the statute, greatly simplifies the case, and eliminates from consideration many of the assignments of error argued by counsel for plaintiffs in error in their brief.

Section 3617, Rev. Laws 1910, provides as follows:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

In view of the great narrowing of the issues by the concessions of the county attorney it will be necessary to notice only one assignment of error, and that is, that the evidence produced at the trial was not sufficient to sustain the cause of action against said defendants and the interveners.

The seizure of the property, as we have seen, was for a violation of-the prohibitory law, occurring in the presence of an officer. In these circumstances the arrest and seizure may be made without warrant, it being the duty of the officer to arrest the offender and seize the liquor, bars, furniture, vessels, fixtures, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises and there make complaint under oath charging the offense so committed, and he shall also make a return setting forth a particular description of the property seized and the place where the same was seized.

In the case at bar the evidence discloses substantially the following state of facts:

The property seized was located in the second story of what appears to be a dwelling house bearing the number 930 1-2 West 10th St., and consisted of household furniture, wearing apparel, musical instruments, kitchen utensils, etc., such as are ordinarily found in a private residence. On the night of the 22nd of January, two policemen entered the premises without a warrant and one of them testified as to what occurred in their presence substantially as follows:

"We rang the bell and Johnny Duncan, who was in charge of the house, came to the door. We told her we were officers and wanted to look around. In response to our request she knocked at the door of one of the rooms where we heard persons laughing. Upon the door being opened we saw a man and a woman sitting on a bed, each having a bottle half full of beer. Another woman was sitting over by the stove. There were two full bottles of beer and one empty bottle sitting on the floor near where the woman was sitting and another empty beer bottle was sitting over near the window. May Harris occupied a rear room. No intoxicating liquor was found in the house except as herein detailed, and there was no other evidence whatever and nothing else occurred in our presence tending to show who sold the beer, where it was purchased, or that Jack Stanley, Johnny Duncan, and May Harris were connected with the transaction. Jack Stanley was not present at any time when the search was being carried on.

In answer to specific questions the officer testified as follows:

"Q. Didn't you make a return that they were selling beer and drinking in your presence? A. Yes, sir. Q. Was Jack Stanley doing that in your presence? A. No, sir. Q. Was Johnny Duncan doing that in your presence? A. No, sir. Q. Was May Harris doing that in your presence? A. No, sir. Q. Yet you made a return that Jack Stanley, Johnny Duncan, and May Harris were committing the offense in your presence? A. They were keeping a place where people congregated to drink the stuff. Q. That is what you were making a return on? A. Yes, sir."

Upon this state of affairs the officers arrested all the parties present without a warrant, closed up the house and seized all the wearing apparel, fixtures, furniture, etc., found therein as hereinbefore stated.

The evidence shows that the wearing apparel seized belonged to Jack Stanley, Johnny Duncan, and May Harris severally; that the furniture, fixtures, etc., seized belonged to Jack Stanley, who purchased it from the various interveners named herein, who each claimed some sort of a lien thereon securing the purchase price, the nature of which is unimportant to a decision of this case, and that Stanley leased the household goods, together with the house wherein it was seized, to Johnny Duncan.

The officers arrested these defendants and seized the property without a warrant or complaint, as we have seen, and took them before the court strictly in accordance with section 3617, supra, and made a complaint charging them generally with the violation of the prohibitory law by maintaining a nuisance, by keeping and maintaining a place where intoxicating liquors were kept for the purpose of sale, barter, etc., contrary to law. It was not alleged in the complaint, and of course the evidence hereinbefore summarized does not in the remotest degree tend to show that the offense charged in the complaint was committed in the presence of the officer. Subsequently the defendants were tried for the offense of maintaining a public nuisance, as charged in the complaint, and were acquitted. This appears to us to dispose of the whole case upon the theory advanced by the county attorney.

In order to arrest a person and seize his property without a warrant or complaint under section 3617, supra, there must be shown a violation of the prohibitory law which was committed in the presence of the arresting officer, and no such offense was established against the defendants in the case at bar. The county attorney argues in his brief that, inasmuch as section 10, ch. 70, provides that on the trial the sworn complaint or affidavit upon which the search warrant is issued constitutes prima facie evidence of the contraband character of the property seized, a very great burden is placed upon the claimants of seized property, including the mortgagors thereof. This may be true in a proper case, but it must not be forgotten that this presumption arises only when property is seized under a search warrant issued after a duly verified complaint has been filed with the proper magistrate. In the case at bar, as we have seen, the arrest was made and the property seized by the officer without a complaint or warrant, upon the assumption that the offense was actually committed in his presence. In these circumstances there is no provision of law which makes the officer's return prima facie evidence of the contraband character of the property seized. Indeed, in the case at bar, the state did not rely upon any presumption in order to make a prima facie case, but offered the evidence hereinbefore summarized for the purpose of showing that the offense was committed in the presence of the officer. When we keep in mind that the arrest and seizure in this case were based upon an offense committed in the presence of an officer, under section 3617, supra, and that the contraband character of the property seized depends upon establishing that this offense was committed in the presence of an officer, and not upon showing some other violation of the prohibitory law not committed in the presence of an officer, we have no difficulty in realizing the total inadequacy of the evidence to sustain the judgment of the trial court.

The evidence in this case wholly failing to show that these defendants committed any offense in the presence of the officer who arrested them and seized their property, the arrest and seizure must be held to be void and without authority of law.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to return the property involved to the owners thereof.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.