## R. E. MILES v. STATE.

No. A-4779.   Opinion Filed April 11, 1925.

(235 Pac. 260.)

(Syllabus.)

1. Searches and Seizures—Forcible Search of Person Without Warrant on Suspicion an "Unreasonable Search." The forcible searching of a person without a warrant or a search warrant, on the mere suspicion that the person searched has liquor in his possession, is "unreasonable" and in violation of section 30, art. 2, of the state Constitution.

2. Evidence—Evidence Procured Through Unlawful Search of Person Inadmissible. Evidence procured by means of an unlawful search of a person cannot be used against him, when timely objection to its introduction is made.

Appeal from Municipal Criminal Court of City of Tulsa; G. E. Warren, Judge.

R. E. Miles was convicted of conveying intoxicating liquor, and he appeals. Reversed and remanded.

Moss & Farmer, for plaintiff in error.

EDWARDS, J. This is an appeal from the municipal criminal court of the city of Tulsa, from a conviction on a charge of conveying intoxicating liquors, rendered against the plaintiff in error on the 23d day of May, 1923, in which he was convicted and sentenced to pay a fine of $500 and to serve 6 months in the county jail. The error complained of is that the court permitted evidence obtained by an unlawful search of the person of the plaintiff in error to be admitted in evidence. The evidence is very brief; only two witnesses having been called by the state and none by the plaintiff in error.

The record discloses that plaintiff in error was stopped and searched at the Kennedy building in the city of Tulsa by two members of the city police detective department, and that they had no warrant

either for the arrest or the search of the plaintiff in error; the evidence of the witness Ellis on that point being as follows:

"Q. Did you have a warrant for his arrest, Mr. Ellis? A. Not at that time. Q. Did you have a warrant at the time you arrested him and placed him in custody? A. No, sir. Q. Did you have any search warrant at all? A. Not at that time. Q. Did the officer who was with you have a warrant for his arrest? A. No, sir. Q. Did you have a search warrant for the place where he was arrested? A. No, sir. Q. You didn't know, Mr. Ellis, until you had searched the defendant's person, that he did have any whisky on his person did you? A. No; I didn't see any whisky up to that time. Q. What you actually did was that you arrested the defendant merely on the suspicion that he did have whisky upon his person? A. Yes, sir."

The other witness, Ealy, testified on this point as follows:

"Q. Did you have a search warrant for anybody at the Kennedy building? A. No, sir. Q. Did you have any warrant for the arrest of this defendant? A. No, sir. Q. Did Mr. Ellis? A. No, sir. Q. Did you have a warrant for his arrest? A. No, sir. Q. Eventually, when you did arrest him, you did it merely upon the suspicion that he had liquor? A. Yes, sir."

Timely objection was made to the introduction of the evidence in question, and its admission is assigned as error. Section 30, art. 2, of the Bill of Rights of the state Constitution provides that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated. Regard for this provision of the Constitution sometimes makes it difficult for officials to prevent the commission of offenses or to procure evidence of their commission, particularly in the case

of violations of the liquor law. But zeal in the enforcement of the law is not a justification for oppression nor for the violation of constitutional guaranties. The violation of this provision of the Constitution against unreasonable searches and seizures has had the attention of the courts frequently. It is well settled in principle that searches of the person, houses, or effects of an individual under the circumstances shown by the evidence in this case is a violation of this constitutional right. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Baker v. State, 28 Okla. Cr. 408, 231 P. 320; Committi v. State, 28 Okla. Cr. 380, 231 P. 316, and authorities there cited; Boyd v. U. S., 116 U. S. 619, 6 S. Ct. 524, 29 L Ed. 746; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Stanley v. State, 82 Okla. 294, 200 P. 229; Hess v. State, 84 Okla. 73, 202 P. 310.

Without again going into and reviewing the authorities on this question, we hold that under the evidence the constitutional right of the plaintiff in error was violated, and the case must therefore be reversed.

BESSEY, P. J., and DOYLE, J., concur.