## TAYLOR et al. v. STATE.

No. 16516—Opinion Filed June 22, 1926.

**Intoxicating Liquors—Arrest and Seizure Without Warrant or Complaint.**

In order to make an arrest and a seizure of property without a warrant or complaint, under section 7014, C. O. S. 1921, it must appear that there was a violation of the prohibitory laws committed in the presence of the arresting officer.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Canadian County; J. A. Rinehart, Judge.

Proceeding by the State of Oklahoma to confiscate a certain Buick automobile for an alleged violation of the prohibitory laws. Inez Taylor intervened in the proceeding, and asserted title to said automobile. From a judgment in favor of the state, intervener appeals. Reversed and remanded, with directions to return the automobile to intervener and dismiss the proceeding.

Geo. H. Giddings and Mike Daugherty, for plaintiff in error.

George Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

Opinion by FOSTER, C. This is an appeal from a judgment of the county court of Canadian county forfeiting to the state of Oklahoma a certain Buick automobile, found by the court below to have been used in the unlawful transportation of intoxicating liquor. The proceedings originated by the filing, on the 20th day of April, 1925, of an affidavit sworn to by one Charles Gray, charging that a certain Buick automobile therein described had been used, on the 19th of April, 1925, in Canadian county, Okla., in conveying and transporting intoxicating liquor from a point unknown to affiant to a described location in Canadian county, in violation of the laws of the state of Oklahoma. The affidavit concluded with a prayer that the automobile be confiscated to the state as provided by law.

Thereafter, and on the 14th day of May, 1925, the plaintiff in error, Inez Taylor, filed in said court her plea of intervention, in which she alleged that she was the owner and in the lawful possession of the automobile at the time of the seizure thereof; denied that said car was being used for the transportation of intoxicating liquors in violation of the prohibitory laws of Oklahoma; and claimed that the seizure was unlawful and without authority of law, and prayed that the same be returned to her. and that the proceeding be dismissed at the cost of the state.

A jury was waived and the cause tried to the court. resulting in a judgment of confiscation rendered on May 28, 1925, from which judgment, and from an order overruling her motion for a new trial, the intervener duly excepted. and brings the cause regularly on appeal to this court for review, claiming that the judgment was not supported by the evidence, and is contrary to law.

There is no material dispute as to the facts. It is disclosed by the record that Charles Gray, by whom the affidavit or complaint referred to above was signed, held a commission as special deputy sheriff from the sheriff of Canadian county on the 19th day of April, 1925. but which carried with it no authority to serve criminal process. It appears that on the 19th day of April. 1925, the plaintiff in error, Inez Taylor. accompanied by Will Taylor. Otie Windom,

John Wesley, and John Smith, had driven the automobile in question from Chickasha to El Reno; that upon arrival at El Reno they met another negro by the name of Anderson Stephenson, who got into the car with the other parties, after which they drove out to the aviation field near El Reno, where an exhibition of some sort was going on; that while en route from El Reno to the aviation field, they all took two drinks of whisky, which was contained in a half-gallon fruit jar; that when they arrived at the aviation field the traffic at that point was so congested that they could not proceed further, and an altercation ensued among the occupants of the car, all of whom were more or less under the influence of whisky. As the car approached the aviation field on the occasion in question, the sheriff's deputy, Charles Gray, followed them a distance of from 40 to 80 feet, the deputy stopping his car about three feet from the automobile in question. Hearing the quarreling and disorder going on among the occupants of the front car, the sheriff's deputy went to the car and placed all of them under arrest, and directed Anderson Stephenson to drive the car to the police station in El Reno, where all of the occupants of the car, except Anderson Stephenson, were placed in jail, and the car turned over to the chief of police, in whose custody it remained until after the confiscation proceedings were finally concluded. After the parties were placed under arrest it appears that a fight took place between John Smith and John Wesley, in which Wesley sustained certain injuries necessitating his removal to a hospital.

All of the parties were lodged in jail and charges filed against all of them for unlawfully transporting intoxicating liquor. The sheriff's deputy testified that in returning from the aviation field to the City Hall, he rode on the running board of the car, and that while en route he discovered, for the first time, the fruit jar containing a small quantity of whisky; that John Smith was attempting to pour out the contents of the jar, a part of which contents was absorbed by a red sweater lying in the bottom of the car, from which he subsequently wrung a small quantity of the whisky, and the same was introduced as evidence at the trial.

The sheriff's deputy testified that he held no warrant authorizing him to search the car, or to arrest the occupants thereof, and that he did not know that the car contained any intoxicating liquor at the time he seized the automobile and placed its occupants under arrest.

The trial court, among other things, found as follows:

"That said intervener was at that time placed under arrest by Charles Gray, a special deputy sheriff of Canadian county, Okla., because of a breach of peace by said intervener in the presence of said officer, and that thereafter and incident to said arrest said Charles Gray seized said Buick automobile."

There are several assignments of error relied upon by plaintiff in error for a reversal of the judgment, but in our view of the case it will only be necessary to consider the 8th assignment as follows:

"The court erred in rendering judgment of confiscation because the admitted facts showed that the car was seized without warrant and no offense was being committed by the car against the prohibitory law in the presence of the pretended officer when the seizure was made, and his attempted seizure was unlawful."

As we interpret the statute, section 7014, C. O. S. 1921, it is only when the officer observes the car transporting intoxicating liquor, and knows of his own knowledge and from his own observation that the car is actually transporting intoxicating liquors, that he is authorized to seize it without a warrant. That he may have observed that the car was being used in connection with the commission of some public offense other than a violation of the prohibitory laws of the state in his presence, would give him no right to seize the car, although it might authorize him to place the occupants thereof under arrest if they were committing a public offense in his immediate presence. The arrest of the occupants of the car for a breach of the peace would not authorize the seizure of the automobile as an incident to the arrest, merely because the persons arrested occupied the car at the time they committed the breach of peace.

The only situation in which a seizure of an automobile without a warrant would be justified, would be its employment in the presence of the officer in transporting intoxicating liquor in violation of the prohibitory law. In the instant case the sheriff's deputy admitted that he did not see the whisky until after the arrest, and while he was en route with the occupants of the car to the police station, when, for the first time, he discovered the container with its contents running out of the car on to the running board.

We are not concerned in the instant case with the guilt or innocence of the person whose property may have been seized. The

right of a citizen to be secure in his person and property against unreasonable searches and seizures exists without reference to the guilt or innocence of the person whose property has been seized, and the seizure will be upheld only when the requirements of the law have been observed. Ashbrook v. State, 92 Okla. 287, 219 Pac. 347.

The law requires, if the officer is not in possession of a warrant, that an offense against the prohibitory laws must occur in his presence before he is authorized to seize the car. In the instant case the sheriff's deputy arrested the occupants of the car, not because they were violating the prohibitory laws of Oklahoma in his presence, but because they were committing a breach of peace, and it was not until after the arrest and seizure of the car that it was discovered that the car had been used for the unlawful transportation of intoxicating liquor.

The rule applicable to the situation disclosed by the record in the case at bar is stated in Ashbrook v. State, supra, in the third paragraph of the syllabus as follows:

"In order to make an arrest and a seizure of property without a warrant or complaint under section 7014, Comp. Stat. 1921, it must appear that there was a violation of the prohibitory laws committed in the presence of the arresting officer."

For the reasons stated the judgment of the lower court is reversed, and the cause remanded, with directions to the county court of Canadian county to return the automobile in controversy to the plaintiff in error, and dismiss the proceeding.

By the Court: It is so ordered.

Note.—See 5 C. J. p. 401 §31: 33 C. J. pp. 678, 679, §376; anno. 20 A. L. R. 652; 2 R. C. L. p. 452; 4 R. C. L. Supp. p. 112; 5 R. C. L. Supp. p. 98.