The county attorney of Bryan county filed an information against the defendant on the 16th day of November, 1935, charging him with the transportation of intoxicating liquor. The defendant filed a motion to suppress the evidence upon which this information was based for the reason that the officers had no search warrant at the time they searched the automobile and seized liquor for which the defendant was being prosecuted. *Page 317 
The court overruled the motion to which the defendant excepted. The case was tried, the defendant found guilty and has appealed to this court.
The facts are that the defendant was arrested while driving his Ford roadster near the city limits of Durant, in Bryan county, by officers stationed near the highway for the purpose of inspecting lights and brakes on all cars, by order of the Governor. These officers had no search warrant. They did not know the defendant and had no warrant for his arrest. They had no reason to suspect that he had violated any law when they apprehended him on the highway. The only basis for his arrest was that one of the officers testified that as his car passed him he saw the turtle-back of the car fly up and saw a box setting in the back marked whisky. This was about 9 o'clock at night, on November 14th, and while the car was running about 15 or 20 miles an hour. He, at no time, saw any whisky, but was merely suspicious that the box might contain whisky.
The facts in this case come clearly within the rule announced by this court in many cases. In Murray v. State,51 Okla. Cr. 44, 299 P. 506, the court says:
"Search of a car without a warrant of arrest, or search warrant, or knowledge by the officers that it contained intoxicating liquor, or without sufficient knowledge to cause an ordinarily prudent person to act, is illegal, and the evidence so obtained should have been excluded upon timely objection."
Also, in the case of Combest v. State, 51 Okla. Cr. 38,299 P. 920, 921, the court says:
"It is also argued that the search of the automobile sitting in front of defendant's house was unlawful and evidence obtained thereby is inadmissible. With this contention *Page 318 
we are also in accord. The officers had no warrant to search the automobile and the search was unlawful." See, also, Smith v. State, 48 Okla. Cr. 115, 289 P. 792; Bowen v. State,50 Okla. Cr. 36, 295 P. 623; Britton v. State, 34 Okla. Cr. 391,246 P. 666; Strong v. State, 42 Okla. Cr. 114, 274 P. 890, and Stanley v. State, 82 Okla. 294, 200 P. 229; Taylor v. State, 118 Okla. 262, 247 P. 377.
The motion to suppress the evidence should have been sustained.
It becomes unnecessary to pass on other errors assigned in this case. The judgment is reversed.
DAVENPORT, P. J., and DOYLE, J., concur.