**SANDERS  v.  STATE.**

No. A–11906.

Criminal Court of Appeals of Oklahoma.

Jan. 13, 1954.

Carroll Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Granville Scanland, County Atty., Oklahoma County, Oklahoma City, for defendant in error.

POWELL, Presiding Judge.

The defendant below, Grady Oscar Sanders, was convicted in the court of common pleas of Oklahoma County of the unlawful possession of intoxicating liquor with the intent to sell. A jury had been waived and he was tried before the court, who assessed punishment at a fine of $250, and sixty days imprisonment in the county jail.

Prior to trial, a motion to suppress was filed and evidence heard in support thereof. It was claimed that the search, which was without authority of a search warrant, violated the constitutional rights of the accused. Art. II, § 30, Okl.Const.

The evidence on motion to suppress developed that the accused was driving a Lincoln automobile east along Northwest 23rd Street, Oklahoma City, when at the intersection of Ann Arbor another motorist driving west on Northwest 23rd Street made a left turn right in front of the accused, causing a collision, the fault admittedly resting on the driver making such turn. The cars were moved over on Ann Arbor and the officers were notified, but it was from forty-five minutes to an hour before the Highway Patrol officers arrived.

The accused testified that when the patrolmen arrived, one went to check the other driver, and one came to his car and looked through the glass of the car door and asked him what he had in some sacks in the back, and that he answered "groceries." The officer stated that it did not look like groceries to him, and opened the door and found some whiskey in the sacks. He claimed that one bottle may have been broken, but that he had the windows up and that one could not smell it. He further testified that the officer looked in the turtle of his car and found other whiskey. He denied that there was any whiskey in the front of the car or that he advised the officer that he had any liquor in the turtle back.

Highway Patrolman Lyle Baker was called as a witness by the defendant. Among other things he said:

"When we arrived at the scene of the accident, I got out, and I could smell the odor of alcohol. I first thought it was on one of the drivers. As I walked to the front end of this 1940 or 1949 Lincoln, when I walked by, I noticed the odor of alcohol, and it was very strong. I walked up and looked at the damaged part of the car. As I walked by this car again I noticed this strong odor was there again, and I shined my light in the car, and on the floor board in the back were these sacks. Some of them were broken. There were some broken whiskey bottles and some unbroken whiskey bottles laying there, and the back of the car was saturated with it.

"Q. You could see bottles, some broken and some unbroken? A. Yes, sir, these sacks were broken, and I said, 'Whose car is this?' Mr. Sanders said, 'It is mine.' I said, 'Do you have that load of whiskey there?' He said, 'Yes, sir.' I said, 'How come you didn't get rid of it? We have been some time getting here.' He said, 'I couldn't. I tried to but there were so

many people around I couldn't go call a wrecker here to drag it off.' * * *

"A. I placed him under arrest for possession of whiskey and then opened the door.

"Q. Then what did you do? A. I told him I would unload all the liquor and put it in the patrol car, and bring it to the county jail. After I loaded the whiskey between the front seat and the back seat, I noticed some in the front floor board. I put that in the patrol car. I said, 'Is that all you got?' He said, 'No, I think there is some in the back.' I raised the lid on the trunk and got the liquor from the turtle and put it in the patrol car.

"Q. You could see whiskey in his car before you placed him under arrest? A. Yes, very plain."

Although the testimony of the officers and the accused conflicted, the evidence was offered by the accused, and the court concluded that it was insufficient to support the motion to suppress, the burden there being on the movant, and the motion was overruled. We have often said that this court will not reverse a trial court upon a finding of fact in connection with a motion to suppress the evidence where there is competent evidence reasonably tending to support the finding of the court. Mitchell v. State, 73 Okl.Cr. 184, 119 P.2d 99; Griffin v. State, 90 Okl.Cr. 90, 210 P.2d 671; Staley v. State, Okl.Cr., 256 P.2d 822.

The officer in this case had a right and it was his duty to investigate the traffic accident in which the defendant was involved. It was his duty to make a report, giving make and model of the cars, tag numbers, and extent of damage and location thereof as to each car. In performing his duties there was evidence believed by the court to the effect that the officer smelled the odor of liquor coming from the defendant's Lincoln car, and by aid of his flashlight saw liquor on the floor of the rear of the car and bags in the seat. The law was therefore being violated in the presence of the officer and the subsequent search was in consequence reasonable. Blair v. State, 75 Okl.Cr. 265, 130 P.2d 545; King v. State, 92 Okl.Cr. 389, 223 P.2d 773; and for comprehensive treatment of entire subject see Brinegar v. State, Okl.Cr., 262 P.2d 464.

On trial the evidence was in effect the same as on motion to suppress, except that it was developed that defendant admitted that he had previously been convicted twice in the court of common pleas of Oklahoma County of unlawful possession of intoxicating liquor. He denied having forfeited a bond for possession of whiskey in the Oklahoma City police court, so that it was then developed by cross-examination that he had forfeited $20 bonds some fifteen separate times.

At the conclusion of the testimony, the court found the defendant guilty as charged and entered judgment as heretofore indicated. While there was conflict between the testimony of the officer and the defendant, the court chose to believe the officer. The prior record of the accused no doubt had some bearing on the weight of his testimony. This court has many times held that where a jury is waived, and the cause tried to the court, a judgment of conviction by the court will be sustained on appeal if there is competent evidence in the record to sustain the judgment. Dugger v. State, Okl.Cr., 258 P.2d 949. See also Queen v. State, 35 Okl. Cr. 412, 250 P. 935.

The judgment of the court of common pleas of Oklahoma County is affirmed.

JONES and BRETT, JJ., concur.