Maude Merwin PAULEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12026.

Criminal Court of Appeals of Oklahoma.

Sept. 22, 1954.

McMahan, Loofbourrow & Loofbourrow, Boise City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Ass't Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Maude Merwin (now Pawley) was charged, tried and convicted in the county court of Cimarron County of the crime of unlawful possession of intoxicating liquor, and her punishment was fixed at a fine of $50, and confinement in the county jail for a period of thirty days. Appeal has been duly perfected to this court.

The information was filed on August 30, 1950, and the offense was charged to have taken place on August 29, 1950, but for some reason not disclosed by the record, the case was not tried until December 7, 1953, nearly three and a half years from the filing of the information. We assume the long delay was at the instance of the defendant, or at least it was agreeable, as such delay was no where in the record made the basis for reversal.

Prior to the trial the defendant filed a motion to suppress certain evidence alleged to have been obtained by the sheriff of Cimarron County by an unreasonable and unlawful search and seizure in violation of the constitutional rights of the defendant. The overruling of said motion by the court after hearing evidence in support thereof is assigned as error.

Following the ruling by the court on the motion to suppress, the defendant waived trial by jury and stipulated with the State that the evidence submitted in support of the motion to suppress might be considered as the evidence in the case.

The defendant interposed a demurrer based on the ground set up in the motion, and the court overruled the demurrer and entered judgment as heretofore recited.

In support of her motion to suppress, the defendant first called Kenneth K. Warner, sheriff of Cimarron County, who stated that he searched a truck out on Highway 257 just after dark on August 29, 1950; that he did not have a search warrant; that he noticed the truck by the highway with one wheel on the blacktop and that he stopped his car and went to see if he could be of assistance; that as he drove up he noticed the end-gate down and observed pipe and watermelons in the truck but did not see a package of any kind; that he noticed something on the car door that "looked like somebody had urped there", but later the defendant told him they had been eating watermelon and juice had run down there. Witness stated that he saw someone on the seat of the car but did not want to shine his light in the person's eyes, so he shined it on the floor and saw a box partially covered by an old coat. That he could not see in the box until he removed the coat but could see at the time the word "whiskey" on the box. He thereafter went on the opposite side of the truck cab and opened the door and took the box, which contained, as later stipulated, 23 pints of whiskey, and in that the defendant's husband had gone in to town to get a flat tire fixed and there would be no one to watch the truck, he advised defendant to report to his office the next day. He also said that he had no place to incarcerate a woman prisoner.

On re-direct examination witness stated clearly that he did not see any whiskey when he first flashed his light in the cab of the truck, but only a box with a coat on it, but he could see the word "whiskey" on the box.

The defendant testified that sheriff Warner and acting county attorney Bob Loofbourrow drove by and stopped where she was parked by the side of the highway; that she was in the cab of her truck awaiting her husband who had taken a flat tire to town to get it fixed. She tes-tified that she was lying in the front seat with a blanket over her and reading. Concerning the sheriff, she said:

"A. First he stopped and threw a flash light and I said we were not having any trouble. I was turning the light on whenever cars came. We were parked off the blacktop. He said, 'Maude, what have you got in the truck?' I says, 'I don't know. There is some iron pipe and watermelons.' He says, 'I don't believe it is all you got. I am going to look over it. I believe you have whiskey in that truck.' So he come over there and said 'If you will cooperate with me I won't charge you with possession but with transporting.' I says, 'Kenneth, I don't know whether you have the right to do this or not.'

"Q. Did anybody make a reply to that? A. Bob Loofbourrow. He says, 'He has the right.' And I says, 'If he does, I can't stop him.'"

Witness further stated that the box in question was on the floor of the cab between the dash board and seat, and that there were packages and a coat on top of it. She stated that the sheriff said he thought someone was drunk because they had been eating watermelon and had thrown out the seed.

Robert Loofbourrow was called by the State and testified to being with the sheriff when he went up to investigate the defendant's parked truck. He testified in part as follows:

"Q. Did you see any packages of any sort in the cab? A. The sheriff walked up and saw who it was and spoke to her. I don't remember seeing the packages until the door was opened. The sheriff opened the door and took this package out.

"Q. What was the package? A. It was a case of whiskey.

"Q. And when you first went up did you see the box? A. As I recall, there was a coat over the box and I wouldn't say under oath whether it was completely covered or not.

"Q. You seen the sheriff take the whiskey out of the truck? A. Yes.".

We have given close consideration to the facts summarized. It was the duty of the sheriff to investigate the truck partially parked on the highway without lights burning. He might be of aid to someone having car trouble, or the occupant, if any, might be ill or intoxicated, or dead.

If the defendant was lying in the seat of the car cab reading, as testified to by her, and which was not denied by the sheriff, there was no necessity for the sheriff to flash his light onto the floor of the cab, but for the purpose of the motion we shall consider as true the statements of the sheriff, and from his testimony he was justified in shining the light on the floor of the cab. There he saw a box that had been opened. It had a coat on it and he could see the word "whiskey" on the box, but there were packages. The box was as likely to have contained legitimate merchandise as it was intoxicating liquor, because the sheriff, from the facts recited, had no probable cause to believe that the defendant had whiskey in her truck. He possessed no information to that effect. He had to open the cab door before he saw the bottles of liquor. For all intents and purposes the sheriff when he saw the word "whiskey" on the box was in the same situation as the officer in the case of Washington v. State, 60 Okl.Cr. 316, 64 P.2d 926. There the officer saw a box marked "whiskey". The box was in the turtle back of a car and the car lid flew up momentarily as the car passed. The officers had no information that the carton contained whiskey. They were checking brakes and lights. The conviction was by this court reversed.

In Griffin v. State, 90 Okl.Cr. 90, 210 P.2d 671, cited by the State as conclusive of the main issue in the within case, the officers knew one Wolfe as a retail liquor dealer, and Griffin as a wholesale liquor dealer. They stopped their cars parallel in the middle of a residential street and one officer swore that he saw Griffin commence to transfer boxes out of his car to that of Wolfe, and that he read the words "whiskey" and "distillery" on one box, and that the box was sealed and like it came from the distillery. That case and others like it are readily distinguishable from the within case. See Merwin v. State, Okl.Cr., 277 P.2d 208, for further treatment of the subject.

We conclude that in the absence of a warrant, under the facts peculiar to this case, that the sheriff was not justified in searching the cab of defendant's truck, based solely on the fact that an opened box which he legitimately and legally observed had the word "whiskey" on it.

It was therefore error on the part of the trial court in overruling the motion to suppress.

The case is reversed and remanded, and the same is ordered dismissed.

JONES and BRETT, JJ., concur.